IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUDITH A. HARVEY                                                                                          PLAINTIFF

v.                                            Case No. 5:16-CV-5314

OZARK COMMUNITY HOSPITAL (OCH)
HEALTH SYSTEM; PAUL TAYLOR, CEO
of OCH, in his official capacity only; and
MARK GLOVER, Psychologist, in his official
capacity only                                                                                          DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendants Ozarks Community Hospital, Inc.[1] ("OCH"), Paul Taylor, and Mark Glover's motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5). (Doc. 10). Plaintiff Judith A. Harvey has not responded, and the time for filing a response has passed. For the reasons set forth below, Defendants' motion (Doc. 10) will be granted and this case dismissed with prejudice.

Ms. Harvey's pro se complaint alleges a violation of the Age Discrimination in Employment Act based on her termination from OCH on June 11, 2015. (Doc. 1, p. 9). She appears to have first contacted the Equal Employment Opportunity Commission ("EEOC") on November 12, 2015, which is when she dated a submitted "Inquiry Form."[2] (Doc. 11-2, p. 1). The form specifically notes, however, that it is "not a charge of discrimination" and that any such charge must be filed "within 180 days of the actions against you if the action took place in…

---

[1] Defendants' motion represents that Ozarks Community Hospital, Inc. was misnamed in Plaintiff's complaint as "Ozark Community Hospital (OCH) Health System." (Doc. 10, p. 1). Because the Court is granting Defendants' motion to dismiss, amending the docket to reflect OCH's true identity is unnecessary.

[2] Based on the record submitted, this is the earliest dated communication sent to the EEOC. It was stamped as "received" on November 23, 2015. (Doc. 11-2, p. 1). Yet, the form implies prior communication from Ms. Harvey as it states, "[t]hank you for contacting the [EEOC]." (*Id.*).

Arkansas." (*Id*., p. 2). Ms. Harvey also submitted a five-page letter to the EEOC on November 17, 2015, in which she describes a variety of grievances against her former employer. (Doc. 11-1). At no point in the letter, though, does Ms. Harvey request the EEOC take action. (*Id*.). On December 1, 2015, the EEOC confirmed receipt of Ms. Harvey's correspondence and stated that "[m]ore information is needed before we can continue." (Doc. 11-3). It further informs Ms. Harvey to "[p]lease contact me as soon as possible because charges of employment discrimination must be filed within the time limits imposed by law." (*Id*.). The EEOC's letter concludes with an all-caps reminder that "[i]f we have not heard from you within 30 days of this letter, we will assume that you did not intend to file a charge of discrimination with us." (*Id*.). An enclosure to the letter is a brochure entitled, "What You Should Know Before You File A Charge With EEOC." (*Id*.).

Ms. Harvey's charge of discrimination was not received by the EEOC until January 19, 2016. (Doc. 11-7). The charge includes separate signatures from Ms. Harvey, one dated December 24, 2015, and a second dated January 13, 2016. Ms. Harvey's sworn signature in the presence of a notary is dated on the document as January 12, 2016. Based on her termination date of June 11, 2015, 180 days later would have been December 8, 2015.

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). A pro se plaintiff's complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, any "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Pleadings that contain

mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

The Eighth Circuit has interpreted "face of the complaint" to include "public records and materials embraced by the complaint, and materials attached to the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012); *see also Deerbrook Pavilion, LLC v. Shalala*, 235 1100, 1102 (8th Cir. 2000) ("On a motion to dismiss, a court must primarily consider the allegations contained in the complaint, although matters of public and administrative record referenced in the complaint may also be taken into account."). The Eighth Circuit has also found that "an EEOC charge is a part of the public record and may be considered on a motion to dismiss." *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (citation omitted).

Plaintiff's complaint does not state a claim upon which relief can be granted because she did not first file a timely EEOC charge on the alleged act of discrimination. *See* 29 U.S.C. § 626(d)(1) (establishing the 180-day limitation period for ADEA claims). Discrete discriminatory acts, "such as termination, failure to promote, denial of transfer, or refusal to hire" are not actionable if they are time barred due to not having filed a timely EEOC charge. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-114 (2002). The Court has previously found that the operative date of an EEOC charge is the date of its original mailing. *See Frachiseur v. Graphic Packaging Int'l, Inc.*, 2015 WL 4916800, at *3 (W.D. Ark. Aug. 17, 2015). While that date has

not been presented, each of the dates attached to Ms. Harvey's signature on her charge of discrimination occurred after the closing of the 180-day window. The charge could not have been mailed before it was signed. Thus, her charge of discrimination was untimely.

Furthermore, Ms. Harvey's previous communications with the EEOC do not qualify as a charge of discrimination because at no point did Plaintiff expressly request the EEOC to take an action against any of the Defendants before her actual charge filing. *See Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("[T]he filing must be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes, that would be in accord with our conclusion."). Also, the Eighth Circuit has consistently held that "Intake Questionnaires which are neither signed under oath nor verified do not satisfy the statutory requirement for an administrative charge." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796 (8th Cir. 1998). Mr. Harvey's intake form was neither signed under oath nor verified, and the form explicitly stated that it was not a charge of discrimination. Finally, the EEOC's communications to Ms. Harvey indicated that the EEOC did not believe any charge had been filed. Ms. Harvey did not timely file a charge of discrimination with the EEOC. Because she failed to exhaust her administrative remedies prior to filing the immediate lawsuit, Plaintiff's complaint does not state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 10) is GRANTED, and Plaintiff Judith A. Harvey's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 30th day of May, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE