IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUDITH A. HARVEY                                                                    PLAINTIFF

v.                                            Case No. 5:16-CV-5314

OZARK COMMUNITY HOSPITAL (OCH)
HEALTH SYSTEM; PAUL TAYLOR, CEO
of OCH, in his official capacity only; and
MARK GLOVER, Psychologist, in his official
capacity only                                                                     DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiff Judith A. Harvey's motion (Doc. 19) for an extension of time

to file her notice of appeal of the judgment (Doc. 18) entered in this case on May 30, 2017.

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal must be filed with

the district clerk within thirty days after entry of the judgment.  Ms. Harvey's notice of appeal was

not filed until July 5, 2017, approximately thirty-six days after the Court dismissed the case and

entered judgment.  If a party moves to extend the time to file a notice of appeal "no later than 30

days after the time prescribed in Rule 4(a) expires[,]" the court may grant an extension upon that

party's showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

"The good cause standard applies in situations in which there is no fault—excusable or

otherwise. In such situations, the need for an extension is usually occasioned by something that is

not within the control of the movant."  *See* Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's

notes to 2002 amendments.  The Eighth Circuit has determined that "[t]he good cause standard is

applicable only when the party seeking an extension files her 4(a)(5) motion within the thirty-day

period allowed for filing a timely notice of appeal, that is, when she is seeking permission to file

late rather than permission for having filed late." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d

457, 464 n. 5 (8th Cir. 2000). Because Ms. Harvey's motion for an extension of time was filed after the period for filing a timely notice of appeal, the good cause standard is not applicable.

Conversely, the excusable neglect standard "applies in situations in which there is fault." *See* Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's notes to 2002 amendments. In determining whether excusable neglect exists, the Court must "tak[e] account of all relevant circumstances surrounding the party's omission" and make an equitable determination. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Relevant circumstances include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* These four factors are not equally important; "the excuse given for the late filing must have the greatest import" and "will always be critical to the inquiry." *Lowry,* 211 F.3d at 463. The Court determines that Defendants would not be prejudiced by granting Ms. Harvey's motion, that a delay of less than one week will have minimal impact on the judicial proceedings, and that Ms. Harvey has acted in good faith. Finally, given her pro se status, the Court finds Ms. Harvey's stated reasons for the delay—primarily, that she did not receive the judgment until June 9, 2017, and that she was originally unaware of the appeal deadline—to be sufficient for finding her neglect to be excusable when viewed in conjunction with the other three *Pioneer* factors because "excusable neglect includes late filings caused by inadvertence, mistake, or carelessness." *Treasurer, Trs. of Drury Indus., Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (quoting *Sugarbaker v. SSM Health Care,* 187 F.3d 853, 856 (8th Cir. 1999)) (internal quotation marks omitted).

IT IS THEREFORE ORDERED that Plaintiff Judith A. Harvey's motion (Doc. 19) for an extension of time to file her notice of appeal is GRANTED. Ms. Harvey's deadline for filing her

notice of appeal is extended to July 6, 2017, to include the notice of appeal which has already been entered (Doc. 20).

       IT IS SO ORDERED this 6th day of July, 2017.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE